MOORE (DEVIGNY v.).   See Case No. 3,838.

## Case No. 9,757.

### MOORE v. DOVE.

[1 Hayw. & H. 161.] [1]

Circuit Court, District of Columbia. Dec. 7, 1843.

LANDLORD AND TENANT—PROPERTY RENTED FOR ANOTHER—LIABILITY.

Where a party agreed to rent certain premises and pay the rent for another. he will be liable for the rent without occupying the premises.

[This was an action by James Moore, Sr., against William T. Dove.]

J. Hellen, for plaintiff.
Jos. H. Bradley, for defendant.

This suit was brought for a year's rent of premises owned by the plaintiff. The declaration contained two counts. The first count alleged that the defendant occupied, possessed and enjoyed the said premises, and promised to pay the said rent. The second count that he, the defendant, promised to pay to the plaintiff for the premises, as much as the premises were worth, for the use and occupation and possession of said premises; and that he, the defendant, has not paid any part of the rent due. The plea of the defendant was non-assumpsit. Issue was joined, and the jury brought in a verdict for the plaintiff for $92.12. The defendant, by his attorney, moved for a new trial: Because the action

was brought for the use and occupation of a tenement, and the only proof offered was that the defendant agreed to rent the same and pay the said rent for another person, and not for his own use, and that he never did occupy the same himself. The defendant, through his attorney, objected to the admissibility of said evidence in this action, but THE COURT overruled the objection, and instructed the jury if they believe the evidence the plaintiff was entitled to recover.

Motion for new trial overruled and judgment entered on the verdict.

MOORE (DRIGGS v.).   See Case No. 4,083.

## Case No. 9,758.

### MOORE v. DULANY.

[1 Cranch, C. C. 341.] [1]

Circuit Court, District of Columbia. July Term, 1806.

TRIAL — PRODUCTION OF DEPOSITIONS — PRIVATE AGREEMENT BETWEEN COUNSEL.

The court will not compel the opposite party to produce depositions taken by consent, nor enforce the private agreements of counsel, but will see that parties are not entrapped by such agreements.

Assault and battery.

Mr. Youngs, for defendant, stated to the court that the plaintiff had, by consent of defendant's counsel, taken the deposition of Mrs. Hodge and Mrs. May, and he now called upon the plaintiff to produce them, and prayed the court to compel the plaintiff to produce them. But THE COURT refused; there being no consent entered on record, and the court cannot undertake to enforce the private agreements of counsel, they must depend upon the honor of each other. The court will not suffer a party to be entrapped by such agreements. Verdict for the plaintiff, one cent.